IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| B.I., individually and on behalf of her son, B.I., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv621-WHA-WC |
| | ) | (WO) |
| MONTGOMERY COUNTY BOARD OF EDUCATION; BARBARA THOMPSON, in her individual and official capacity; ALABAMA STATE DEPARTMENT OF EDUCATION; and DR. JOSEPH MORTON, in his individual and official capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This case is before the court on a Joint Motion to Dismiss (Doc. #10) filed by Defendants Barbara Thompson ("Thompson"), Alabama State Department of Education ("Alabama DoE"), and Dr. Joseph Morton ("Morton," collectively, the "Moving Defendants") on September 13, 2010.

The Plaintiff, B.I., filed a *pro se* Complaint (labeled "Notice of Appeal To Petition for Judicial Review"), individually and on behalf of her son ("B," collectively, "Plaintiffs")), against the Moving Defendants and the Montgomery County Board of Education ("Montgomery BoE," collectively, "Defendants"), in the Circuit Court of Montgomery County, Alabama on June 25, 2010.  Defendants removed the case to this court on July 19, 2010, and Plaintiffs have thereafter been represented by counsel.  The Complaint seeks judicial review of an impartial due process

hearing conducted pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA").

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 20 U.S.C. §§ 1400 *et seq.* (IDEA).

For reasons to be discussed, the Joint Motion to Dismiss is due to be GRANTED.


## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a pro se litigant's pleadings, the court does

not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted) (overruled on other grounds).

### III.  <u>FACTS</u>

The allegations of the Plaintiffs' Complaint are as follows:

At all relevant times, B was a student in the Montgomery County school system.  B.I., B's mother, disagreed with the way that B was being educated by the Montgomery County school system, considering B's disabilities.  After failing to resolve this disagreement, B.I. filed a request for an impartial due process hearing, dated April 29, 2010 (the "Due Process Complaint"), seeking relief under IDEA.  The only parties to the proceeding were B.I. and Montgomery BoE.

On April 30, 2010, the hearing officer ruled for Montgomery BoE and denied B.I.'s requests for relief.  On June 25, 2010, Plaintiffs filed a Complaint in the Circuit Court of Montgomery County, Alabama, seeking judicial review of the due process hearing decision, naming as defendants Montgomery BoE, which was a party to the impartial due process hearing, and the Moving Defendants, who were not parties to the hearing.  Defendants subsequently removed the case to this court.  Plaintiffs allege in a Complaint styled "Notice of Appeal to Petition for Judicial Review" that they are entitled to "an appeal of the due process hearing decision" because Defendants (1) violated Plaintiffs' constitutional rights; (2) violated Plaintiffs' statutory rights; (3) acted in violation of "any pertinent agency rule;" (4) acted "upon unlawful procedure;" (5) were "[a]ffected by other error of law;" (6) were "[c]learly erroneous" in light of

3

the "whole record;" and (7) were "unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion." (Doc. 1-4 at 2, 6-7.) Subsequently, after being ordered to do so by this court, Plaintiffs sought and acquired counsel. Plaintiffs' counsel made an appearance on behalf of Plaintiffs in this case on August 27, 2010, and have been representing Plaintiffs during the pendency of the Moving Defendants' Motion. (Doc. #8.)

## IV.  DISCUSSION

Plaintiffs seek to "appeal . . . the due process hearing decision rendered on April 30, 2010." (Compl. at 2.) In other words, Plaintiffs seek judicial review of the impartial due process hearing decision adverse to them pursuant to IDEA, and seek to include the Moving Defendants as parties to this action. Plaintiffs' action is due to be dismissed with respect to the Moving Defendants. The court will first discuss this action with respect to Morton and Thompson, then it will discuss this action with respect to Alabama DoE.

### A.    No Individual Liability

Morton and Thompson cannot be held liable for IDEA violations in their individual capacities because IDEA does not provide for individual liability.

As a preliminary matter, the court notes that Plaintiffs seek to sue Morton and Thompson in both their individual and official capacities. To the extent that Plaintiffs are suing Morton and Thompson in their official capacities, the claims will be treated as claims against Alabama DoE and Montgomery BoE, respectively, because Morton is an employee of Alabama DoE and

Thompson is an employee of Montgomery BoE.  *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (*citing Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)) ("[o]fficial capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'").  Accordingly, the following analysis with respect to Morton and Thompson refers to claims against Morton and Thompson in their individual capacities.

With respect to the IDEA itself, § 1415, the section of IDEA dealing with administrative remedies and judicial review applies to "[a]ny State educational agency, State agency, or local educational agency that receives assistance under this subchapter."  20 U.S.C. § 1415(a).  § 1415 does not purport to apply directly to individuals, and thus, IDEA judicial review actions should not include individuals as defendants.  *See L.M.P. ex rel. E.P. v. Sch. Bd. of Broward Cnty., Fla.*, 516 F. Supp. 2d 1305, 1312 (S.D. Fla. 2007) (noting that IDEA's "provisions overwhelmingly suggest only the school district or public agency can be held liable," but not individual defendants); *see also Bradley v. Ark. Dep't of Educ.*, 301 F.3d 952, 957 n.6 (8th Cir. 2002) ("IDEA is devoid of textual support for . . . an award [against individual defendants]"); *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 35 (1st Cir. 2006) ("the plain text of the statute authorizes reimbursement of educational expenses only against the agency, not against any of its officials").

Accordingly, to the extent Plaintiffs seek judicial review of the due process hearing decision against Morton and Thompson in their individual capacities, this claim is due to be DISMISSED, because Morton and Thompson are individual defendants, and IDEA does not create liability against individual defendants.  The court now turns to determining whether

5

Plaintiffs can seek judicial review of the due process decision with respect to Alabama DoE.

**B.      Plaintiffs Failed to Exhaust Administrative Remedies as to Alabama DoE**

Even if the Plaintiffs could have stated a claim for which relief could be granted under IDEA at the administrative level,[1] Alabama DoE cannot be a party to this case because Plaintiffs failed to exhaust any such administrative remedies as to Alabama DoE.

IDEA, 20 U.S.C. § 1400 *et seq*., provides state and local educational agencies assistance in educating children with learning disabilities if those state and local agencies implement the provisions of the Act.  IDEA is designed to "ensure that all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs."  20 U.S.C. § 1400(d)(1)(A).

If a parent believes that his or her child is not receiving a FAPE, IDEA provides a framework under which that parent can present a complaint.  § 1415(b)(6).  To be able to eventually litigate the complaint in court, the parent must first utilize IDEA's administrative remedies by requesting "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency."  § 1415(f).  After the impartial due process hearing, a parent may bring a civil action in either state or federal court.  § 1415(i)(2)(A). IDEA allows a plaintiff to bring IDEA-related claims under other statutes and laws, however, these IDEA-related claims are also subject to the exhaustion requirement.  § 1415(*l*); *Babicz v. Sch. Bd. of Broward Cnty.*, 135 F.3d 1420, 1422 n.10 (11th Cir. 1998).  Thus, under IDEA or

---

[1]The Moving Defendants contend that the Plaintiffs could not.  The court does not address that issue.

IDEA-related causes of action, a plaintiff cannot seek judicial relief without first exhausting IDEA's administrative remedies by requesting an impartial due process hearing. *See Ass'n for Retarded Citizens of Ala., Inc. v. Teague*, 830 F.2d 158, 160 (11th Cir. 1987).

In this case, Plaintiffs' Complaint seeks review of the impartial due process hearing, and thus seeks to bring IDEA claims or IDEA-related claims. Accordingly, to the extent the Complaint brings IDEA claims or IDEA-related claims, the Complaint is subject to the IDEA exhaustion requirement.

Plaintiffs did not satisfy IDEA's exhaustion requirement with respect to Alabama DoE. Specifically, Alabama DoE was not a party to the impartial due process hearing. (Doc. #1-2.) The IDEA exhaustion requirement is not satisfied if the defendant or defendants which a plaintiff seeks to sue in court were not parties to the impartial due process hearing. *See Whitehead ex rel. Whitehead v. Sch. Bd. for Hillingsborough Cnty., Fla.*, 932 F. Supp. 1393, 1396 (M.D. Fla. 1996) (holding that the state department of education was due to be dismissed because it was not a party to the prior impartial due process hearing, reasoning, "[i]f Plaintiffs seek to bring suit against Defendant DOE for the Department's acts, or failure to act, they may do so [by] following the procedures of the IDEA"); *McGraw v. Bd. of Educ. of Montgomery Cnty.*, 952 F. Supp. 248, 255 (D. Md. 1977) (holding that the exhaustion requirement applied because "Plaintiffs did not even attempt to name the State Defendants as parties at the administrative proceedings, and Plaintiffs have presented no evidence from the administrative record that their claims against the State Defendants were raised in the administrative proceedings."); *Irby v. Montgomery Cnty. Bd. of Educ.*, No. 2:09-cv-752-MHT, 2010 WL 1267135, at *4 (M.D. Ala. Feb 5, 2010) (Moorer, Mag. J.) (recommendation to find that plaintiffs failed to exhaust their

administrative remedies as to state defendants because they failed to name them in the underlying due process hearing), *recommendation adopted by district judge*, 2010 WL 1267158.  Thus, because Alabama DoE was not a party to the impartial due process hearing, Plaintiffs failed to exhaust administrative remedies with respect to Alabama DoE.

Plaintiffs appear to argue in their Response to the Moving Defendants' Joint Motion to Dismiss that they exhausted their administrative remedies because their Due Process Complaint "clearly alleges wrongs against all of the Defendants filing the motion at issue [and t]he Hearing Officer took it upon himself to summarize Plaintiffs' contentions and decided at whom they were addressed AFTER consideration of all the testimony."  (Resp. to Defs.' Joint Mot. to Dismiss at 4.)  This argument fails.

Plaintiffs' Due Process Complaint does not allege that any entity other than the Montgomery BoE should be a party to the hearing.  According to the Alabama Administrative Code, "[a]n impartial due process hearing is available when a parent or the public agency *disagrees* with any matter relating to a proposal or refusal to initiate or change the identification, evaluation, educational placement of a child or the provision of FAPE to a child."  Ala. Admin. Code r. 290-8-9-.08(9)(c) (emphasis added).  The only party to whom Plaintiffs specifically identified a disagreement with in her Due Process Complaint is the Montgomery BoE: "I am the parent of [redacted] and I disagree with the determinations made by the Montgomery Public School District regarding the identification, evaluation, placement, and the provision of [FAPE] for my child."  (Doc. #1-1 at 1.)  Although Plaintiffs made a variety of allegations as to wrongful acts committed by the Alabama DoE, all of these allegations were very general and often simply reiterated allegations made against the Montgomery BoE.  Accordingly, because Plaintiffs

8

alleged no concrete disagreement against the Alabama DoE in their Due Process Complaint, the court finds no mistake in the fact that the Montgomery BoE was listed as the only defendant party in the impartial due process hearing.

In short, the administrative exhaustion requirement applies to Plaintiffs' request for judicial review against Alabama DoE.  Because Alabama DoE was not a party to the impartial due process hearing, Plaintiffs failed to exhaust their administrative remedies with respect to Alabama DoE.  The same applies to Defendants Thompson and Morton in their official capacities.[2]

## C.     No Administrative Exhaustion Exception Applies

Plaintiffs argue that they should be excused from exhausting their administrative remedies with respect to Alabama DoE in their claim for judicial review of the impartial due process decision because their claim "could not be addressed sufficiently in administrative proceedings."  (Resp. to Defs.' Joint Mot. to Dismiss at 3.)  The court disagrees.

In the Eleventh Circuit, "'[t]he exhaustion of . . . administrative remedies is not required where resort to administrative remedies would be 1) futile or 2) inadequate.'"  *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1159 (11th Cir. 2006) (quoting *N.B. ex rel. D.G. v. Alachua Cnty. Sch. Bd.* 84 F.3d 1376, 1379 (11th Cir. 2006)).  The party seeking exemption from the exhaustion requirement has the burden of demonstrating futility or inadequacy, and to do so, that party must go beyond "speculative allegations of futility and inadequacy."  *Id.*

---

[2]Since Thompson in her official capacity would be treated the same as Montgomery BoE, there is no need for her to be included in this judicial review, even if she had been named as a defendant in that capacity in the due process hearing.

Plaintiffs rely on a Third Circuit case for the proposition that exhaustion is unnecessary if a plaintiff has "alleged a widespread systemic breakdown of the provision of free, appropriate public education." *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 343 (3d Cir. 2003). Plaintiffs' reliance on this case is unpersuasive for several reasons. First, in *M.A.*, the Third Circuit did not hold that exhaustion was necessary or unnecessary, rather, it was deciding whether New Jersey had waived its sovereign immunity. *Id.* at 338. The quotation to which Plaintiffs erroneously point the court is a recitation of how the district court in that case declined to dismiss the defendants on the basis of exhaustion. *Id.* at 343. The Third Circuit expressed no opinion on that issue, in fact, it wrote that "we lack jurisdiction to review the State's exhaustion arguments at this stage of the litigation." *Id.* at 343. The court declines to consider Plaintiffs' citation to this case, as neither Plaintiffs nor the Third Circuit provided legal analysis on this issue, and, in any event, the Third Circuit's decisions are not binding on this court.

More important, Plaintiffs make no non-speculative allegations of futility and inadequacy. Their allegation that this case involves a "widespread systemic breakdown of the provision of free, appropriate public education" is simply speculative. Plaintiffs have not provided argument for why this allegation is true, instead, they have simply stated a conclusion. *See Iqbal*, 129 S. Ct. at 1949 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Specifically, Plaintiffs merely claim that "[t]he record is replete with evidence of attempts by Plaintiffs to remedy the State's wrongs at each level of administrative process as well as through alternative means, including direct requests to the defendants filing this motion." (Resp. to Defs.' Joint Mot. to Dismiss at 3.) The court cannot

determine which parts of "the record" Plaintiffs are referring to, nor can it determine how the documents presented to it prove that the current situation could not have been resolved in an impartial due process hearing.

In other words, Plaintiffs have failed to satisfy their burden of showing futility or inadequacy. Thus, Plaintiffs are not exempt from exhausting their administrative remedies. Because Plaintiffs have not satisfied the administrative exhaustion requirement with respect to Alabama DoE, Alabama DoE cannot be a defendant in this action seeking judicial review of the due process hearing.

# V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Moving Defendants' Joint Motion to Dismiss is GRANTED to the following extent:

1.  Plaintiffs' claims against Morton and Thompson in their individual capacities are DISMISSED with prejudice;

2.  Plaintiffs' claims against the Alabama Department of Education are DISMISSED without prejudice;

3.  Plaintiffs' claims against Morton in his official capacity and Thompson in her official capacity are dismissed without prejudice.

4.  The case will proceed against the Montgomery County Board of Education.

Done this 12th day of November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE